USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  5/14/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                    :
JOHN BAXTER, *individually and on behalf of all others*   :
*similarly situated*,                                               :
                                                                    :
                                          Plaintiff,   :            1:24-cv-5191-GHW
                                                                    :
                                                                    :            <u>ORDER</u>
                    -v-                                  :
                                                                    :
MONGODB, INC., *et al.*,                                 :
                                                                    :
                                          Defendants.   :
                                                                    :
------------------------------------------------------------------ X
GREGORY H. WOODS, United States District Judge:

On May 14, 2026, Lead Plaintiffs submitted a letter, Dkt. No. 83, requesting clarification

with respect to whether two of the challenged statements were deemed inactionable in the Court's

April 30, 2026 opinion, Dkt. No. 80 ("Op.").

First, Lead Plaintiffs request clarification with respect to Mr. Ittycheria's statement that "Our

ability to win new workloads remained strong, and Atlas consumption trends were better than

expected."  Dkt. No. 60 ("AC") ¶ 84.  The Court concluded that this statement was an opinion

statement that was plausibly rendered misleading by omission of the information as to the FY 2024

workloads' consumption trends.  Op. at 33 ns.15, 18 & 28.  Nonetheless, the Court concluded that

this statement was puffery.  *Id.* at 31 ns.14 & 30.  As the Court explained, "[s]tatements discussing

'better than expected trends,' . . . are also inactionable puffery because, at most, they 'vaguely and

enthusiastically describe [defendant's] performance and expectations of business success.'"  *Id.* at 45.

The Court appreciates Lead Plaintiffs drawing the Court's attention to this apparent discrepancy and

notes that the statement's inclusion in footnote 36 was in error.

Second, Lead Plaintiffs request clarification with respect to the second half of Mr. Gordon's

statement that "Atlas looks consistent from a consumption standpoint. *And that's in line with the stable*

*trends we've seen over the course of fiscal '24.*"  AC ¶ 130 (emphasis added).  Lead Plaintiffs correctly identify that while the Court concluded that the first portion of the statement was forward-looking, it did not parse whether the second half of this particular statement was actionable because the parties did not brief it as a separate statement.  Dkt. No. 76 at 15 n.12 (quoting only the first half of Mr. Gordon's statement and arguing that it was not puffery).  As a result, the Court did not consider it to be a separate statement.  The Court agrees that the second half of Mr. Gordon's statement can be separately analyzed to determine whether it is actionable.  As such, the Court will do so after reviewing the response letter Defendants will submit no later than May 21, 2026.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 83.

SO ORDERED.

Dated: May 14, 2026
New York, New York

_____
GREGORY H. WOODS
United States District Judge

2