UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  6/10/2026

-------------------------------------------------------------------- X
                                                                    :
JOHN BAXTER, *individually and on behalf of all others*             :
*similarly situated,*                                               :
                                                                    :
                                                                    :        1:24-cv-5191-GHW
                                                 Plaintiff,          :
                                                                    :          ORDER
                                                                    :
                       -v-                                          :
                                                                    :
MONGODB, INC., *et al.*,                                            :
                                                                    :
                                                                    :
                                                Defendants.         :
                                                                    :
-------------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

On May 14, 2026, Lead Plaintiffs submitted a letter, Dkt. No. 83, requesting clarification with respect to whether to the second half of Mr. Gordon's statement that "Atlas looks consistent from a consumption standpoint. *And that's in line with the stable trends we've seen over the course of fiscal '24.*" AC ¶ 130 (emphasis added), was deemed inactionable in the Court's April 30, 2026 opinion, Dkt. No. 80 ("Op."). In their letter, Lead Plaintiffs correctly identified that while the Court concluded that the first portion of the statement was forward-looking, it did not parse whether the second half of this particular statement was actionable because the parties did not brief it as a separate statement. Accordingly, by order dated May 14, 2026, the Court directed Defendants to submit a letter in response to Lead Plaintiffs' request for clarification. Dkt. No. 84. In that order, the Court noted that it will "separately analyze[] [the second half of Mr. Gordon's statement] to determine whether it is actionable . . . after reviewing the response letter." *Id.* Defendants submitted their letter response on May 21, 2026. Dkt. No. 88.

Lead Plaintiffs have waived any challenge to the second half of Mr. Gordon's statement because their amended complaint did not adequately plead that the second portion of Mr. Gordon's statement violated the securities laws. Lead Plaintiffs' amended complaint, Dkt. No. 60 ("AC"),

identified the statements or portions of statements they alleged to be false or misleading with bold, italic text. *Id.* ¶¶ 82–135. The second half of Mr. Gordon's statement was neither italicized nor bolded. *Id.* ¶ 130. Rather, the second half of Mr. Gordon's statement, like many of the other block quotes included in Lead Plaintiffs' amended complaint, appeared to be included to provide the Court with the relevant context in which the challenged portion of Mr. Gordon's statement appeared. There is nothing else in the AC which would indicate that Lead Plaintiffs intended to challenge the second half of Mr. Gordon's statement. Nor did the parties brief it as a separate statement—in their opposition to Defendants' motion to dismiss, Lead Plaintiffs only quote the first half of Mr. Gordon's statement once—in a single footnote in which they contend that the first half of the statement is not puffery. Dkt. No. 76 at 15 n.12. Notably, in that footnote—the only place where Lead Plaintiffs make any argument with respect to Mr. Gordon's statement—Lead Plaintiffs omit the second half of that statement entirely.

The Court need not scour Lead Plaintiffs' lengthy complaint, which included dozens of italicized and bolded statements, for other, unidentified portions of statements that Lead Plaintiffs might wish to challenge. "[J]udges are not ferrets . . . practical constraints on the time of a judge make it impossible for the judge to examine a record of even moderate size with such finitude as to be both exhaustive and exhausting." *Nicholas Acoustics & SpecialT.Y. Co. v. H & M Const. Co.*, 695 F.2d 839, 846–47 (5th Cir. 1983). Lead Plaintiffs' amended complaint did not plead that second half of Mr. Gordon's statement violated the securities laws. *See Fadem v. Ford Motor Co.*, 352 F. Supp. 2d 501, 515 (S.D.N.Y.), aff'd, 157 F. App'x 398 (2d Cir. 2005) ("It is long-standing precedent in this circuit that parties cannot amend their pleadings through issues raised solely in their briefs.").

To the extent that Lead Plaintiffs' letter constitutes a motion for reconsideration, the application is denied because Lead Plaintiffs have not identified any intervening change in the securities law or any error in the Court's April 30, 2026 opinion that would warrant reconsideration.

Motions for reconsideration are governed by Local Rule 6.3, which provides that the moving party shall set forth "the matters or controlling decisions which the moving party believes the court has overlooked." "Reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly." *Ortega v. Mutt*, No. 14-cv-9703 (JGK), 2017 WL 1968296, at \*1 (S.D.N.Y. May 11, 2017) (quoting *Anwar v. Fairfield Greenwich Ltd.*, 800 F. Supp. 2d 571, 572 (S.D.N.Y. 2011)). A motion for reconsideration should be granted only when the moving party "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Robinson v. Disney Online*, 152 F. Supp. 3d 176, 185 (S.D.N.Y. 2015) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)). Accordingly, "[t]he Second Circuit has stated that '[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied.'" *Mahmud v. Kaufmann*, 496 F. Supp. 2d 266, 270 (S.D.N.Y. 2007) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)) (alterations in *Mahmud*). In particular, "'[a] party making a motion for reconsideration is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings, much less rehash arguments already made and rejected.'" *Robinson v. Disney Online*, 152 F. Supp. 3d 176, 185 (S.D.N.Y. 2015) (quoting *Pfizer, Inc. v. Stryker Corp.*, No. 02–CV–8613 (LAK), 2005 WL 383702, at \*1 (S.D.N.Y. Feb. 17, 2005)).

Here, the Court did not hold that Lead Plaintiffs adequately pleaded that the second half of Mr. Gordon's violated the securities laws because the amended complaint did not allege that it did and because the parties did not brief it as a separate statement. The Court did not overlook evaluating the second half of Mr. Gordon's statement because Lead Plaintiffs did not raise that this portion of Mr. Gordon's statement was misleading. Lead Plaintiffs do not contend that the Court misapplied the securities law, misapprehended the facts underlying Lead Plaintiffs' claims, or that

since the Court's opinion, any intervening change in the securities law or the availability of new evidence warrants reconsideration.  As a result, to the extent that Lead Plaintiffs' request for clarification constitutes a motion for reconsideration, that request is denied.

In sum, because their amended complaint did not adequately plead that the second portion of Mr. Gordon's statement violated the securities laws, Lead Plaintiffs have waived any challenge to the second half of Mr. Gordon's statement.

SO ORDERED.

Dated: June 10, 2026
       New York, New York

_____
GREGORY H. WOODS
United States District Judge

4